S02A1419. JOHNSON v. THE STATE.
(578 SE2d 885)

HINES, Justice.

Derrick Lynn Johnson appeals his convictions for felony murder, aggravated assault, and possession of a firearm during the commission of a crime, all arising from the killing of Pedro Huerta and the

attempted shooting of Antonio Lonuza.[1] For the reasons that follow, we affirm.

Construed to support the verdicts, the evidence showed that Johnson asked his girlfriend, co-indictee Tanica Mosley, to go for a drive with him. Earlier that day, Mosley had, at Johnson's request, placed Johnson's handgun, a 9 mm automatic, in the trunk of Johnson's car. Johnson drove to an apartment complex and picked up co-indictees, Niki Pennington and Triwick Waters. The four drove to Antwjuan Mitchell's residence. Johnson left the car for a few minutes and returned with Mitchell. After a short stop, the group drove to the Montega apartment complex. Mitchell was in possession of a .357 magnum handgun, which Mosley had previously seen Johnson take from Castillo's closet and give to Mitchell.

At the Montega complex, Johnson parked close to its exit. Johnson and Mitchell got out, told the others to remain in the car, and walked around the side of one of the apartment buildings, to visit the apartment of a bootlegger, who was not there. After ten to fifteen minutes elapsed, Johnson and Mitchell returned, and Mitchell drove the group to a restaurant across the street from the apartment complex, and put water in the car's radiator. Mitchell drove the group back to the Montega complex and saw a taxi cab. Johnson and Mitchell left the car, and Mosley got into the driver's seat; both Johnson and Mitchell were carrying handguns. Johnson told Mosley to pull the car forward so as to block the exit to the apartment complex. Johnson and Mitchell hid behind a garbage dumpster.

---

[1] The crimes occurred on April 30, 2000. On December 20, 2000, a Clayton County grand jury indicted Johnson, together with Idris Antwjuan Mitchell, Tanica Laquanta Mosley, Niki Lynn Pennington, Triwick Dechavion Waters, and Anthony Jacob Castillo, for malice murder, two counts of felony murder in the commission of aggravated assault (one count with intent to rob, and one count with a deadly weapon), and five counts of aggravated assault (two counts with intent to rob, and three counts with a deadly weapon); Johnson and Mitchell were also charged with two counts of possession of a firearm during the commission of a felony, based on the possession of two separate firearms. Johnson was tried alone before a jury on April 11-13, 2001, and found guilty on all counts. On June 19, 2001, he was sentenced to: life in prison for felony murder; four terms of twenty years in prison for aggravated assault, one term to be served consecutively to the life term, and the other three terms to be served concurrently with that twenty-year term; and five years in prison for each count of possession of a firearm during the commission of a felony, one term to be served consecutively to the life term, and the other to be served concurrently therewith. One count of aggravated assault merged with the felony murder for which Johnson was sentenced, and the malice murder charge and the remaining count of felony murder stood vacated by operation of law. See *Malcolm v. State*, 263 Ga. 369, 371-374 (4), (5) (434 SE2d 479) (1993). Johnson moved for a new trial on July 2, 2001, a hearing was held on November 6, 2001, and the court declared it would deny the motion. Johnson filed a notice of appeal on November 29, 2001. An order denying the motion for new trial was entered on January 4, 2002. See *Hendrick v. State*, 257 Ga. 514, n. 1 (361 SE2d 169) (1987). Johnson's appeal was docketed in the Court of Appeals on May 28, 2002, transferred to this Court on May 31, 2002, docketed herein on June 4, 2002, and submitted for decision on July 29, 2002.

A few seconds later, the taxi, driven by Huerta, arrived at the complex's exit; Lonuza was a passenger in the back seat. Huerta stopped and honked his horn. Johnson and Mitchell approached the cab; Mitchell opened the driver's door, and Johnson opened the back door. Mitchell pointed the .357 pistol at Huerta's head, and Johnson pointed the 9 mm pistol at Lonuza. Johnson sat next to Lonuza, placed the 9 mm against his head, and forced his head down toward the floor. Johnson said something, including the words "m_____ f_____," to him. Mitchell said something to Huerta, who mumbled a response; Lonuza could not understand the conversation as he does not speak English. Johnson grabbed Huerta by the neck and pushed him down. Mitchell fired the .357 at Huerta; a fatal bullet entered his head.

Johnson ran and got into his car as Mosley began driving away. Lonuza opened the right rear door of the cab to escape. Mitchell, who had started back to Johnson's car, turned, approached the taxi, and fired two shots at Lonuza, which missed him. Johnson's car had now moved some distance away, but Johnson told Mosley to stop for Mitchell, who ran and jumped in the car. Shortly after leaving the apartment complex, Johnson threw the pistols out of the car. The weapons were recovered and ballistic tests showed that the .357 matched the bullets fired at the scene.

1. Johnson argues that the evidence was insufficient to support his conviction for aggravated assault with intent to rob Huerta, which was the underlying felony in the felony murder of Huerta for which Johnson was sentenced, and insufficient to support his conviction for aggravated assault with intent to rob Lonuza. Specifically, he contends that there is no evidence that he had any intent to rob either Huerta or Lonuza.

The trial court instructed the jury as to the law on "party to a crime." Under OCGA § 16-2-20, one is a party to a crime if he intentionally aids or abets the commission of the crime, or advises, encourages, hires, counsels, or procures another to commit it. That a person is a party to a crime may be inferred from that person's presence, companionship, and conduct, before and after the crime was committed. *Walsh v. State*, 269 Ga. 427, 429 (1) (499 SE2d 332) (1998). Although Mitchell, who at the time of Johnson's trial had already been convicted of these crimes,[2] testified that he alone left Johnson's car, that the taxi driver honked at him, and that the gunshots were fired in the ensuing altercation, the jury was free to reject this testimony and conclude through other evidence that Johnson participated in the attempt to rob Huerta. Further, contrary to his trial testi-

---

[2] See *Mitchell v. State*, 275 Ga. 42 (561 SE2d 803) (2002).

mony, Mitchell told an investigating police officer that Johnson telephoned him and asked for his assistance in robbing a bootlegger who resided in the Montega complex, and that when they discovered that the bootlegger was not there, Johnson said "let's get the cab." Johnson also directed that his car block the exit, hid as the taxi approached, and used his pistol to force the passenger's head down toward the taxi's floor. Thus, there is ample evidence that Johnson was a party to the crimes of aggravated assault with intent to rob Huerta, and of aggravated assault with intent to rob Lonuza.

Similarly as a party to the aforementioned crimes, Johnson's claim that there is insufficient evidence that he possessed the .357 pistol during the commission of a crime is meritless. Although the evidence showed that this weapon was in the physical possession of his co-indictee, Mitchell, during the assaults and murder, Johnson is guilty of this offense if it is shown that he is the accomplice of the person who was in physical possession of the pistol. *Tesfaye v. State*, 275 Ga. 439, 440 (1) (569 SE2d 849) (2002); *Howze v. State*, 201 Ga. App. 96, 97 (410 SE2d 323) (1991). The evidence is sufficient for such a finding here.

Johnson urges that even if there is evidence that he participated in conduct that developed into a crime, he abandoned the conduct once Mitchell fired the first shot, and that abandonment is an affirmative defense to an attempted crime. See OCGA § 16-4-5 (a). First, even if Johnson's running from the taxi is seen as evidence of abandonment, the crime of aggravated assault with intent to rob Huerta was completed when Mitchell pointed the pistol at Huerta. See OCGA § 16-5-21 (a) (1). Further, under OCGA § 16-4-5 (a), an abandonment must be "a voluntary and complete renunciation of [the] criminal purpose." See *Barnett v. State*, 244 Ga. App. 585, 589-590 (5) (536 SE2d 263) (2000). After his alleged abandonment, Johnson directed that the car stop to enable his accomplice to join the group and effect an escape, and Johnson disposed of the weapons that had been used in the crimes. The jury was authorized to reject Johnson's defense of abandonment.

The evidence was sufficient to enable a rational trier of fact to find Johnson guilty beyond a reasonable doubt of all of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Mosley testified for the State. On cross-examination, Johnson asked her about an exhibit marked Defense Exhibit One, purportedly a letter she had sent him shortly after Huerta's death. He sought to introduce the exhibit, and the State objected on relevance grounds. After some discussion, Johnson asserted that the letter was admissible to impeach Mosley's direct testimony. Further colloquy was held off the record, and the court sustained the objection. John-

son contends this is error.

We note that the letter is not in the record before this Court, and thus Johnson has failed to meet his burden to ensure that the record on appeal reveals what occurred in the trial court so that this Court may conduct its review. *Kegler v. State*, 267 Ga. 147, 148 (3) (475 SE2d 593) (1996). But in any event, all that he asserts before this Court is that the letter stated that Mosley knew that Mitchell acted alone. And after the trial court sustained the objection, Johnson then asked Mosley whether letters she wrote to Johnson stated that only Mitchell had anything to do with the events at the Montega apartment complex, and that none of the other occupants of the car, including Johnson, knew what Mitchell intended. Mosley responded affirmatively to those questions. Thus, as the desired information was placed before the jury, if it was error to exclude the proffered letter, it was harmless. *Sturkey v. State*, 271 Ga. 572, 573-574 (2) (522 SE2d 463) (1999).

*Judgments affirmed. All the Justices concur.*

DECIDED MARCH 27, 2003.

*Patricia F. Angeli*, for appellant.

*Robert E. Keller, District Attorney, Jack S. Jennings, Assistant District Attorney, Thurbert E. Baker, Attorney General, Ruth M. Pawlak, Assistant Attorney General*, for appellee.