A05A2054. RICHARDS v. THE STATE.
(623 SE2d 222)

ELLINGTON, Judge.

A Cobb County jury found Donald Earl Richards guilty of aggravated assault, OCGA § 16-5-21 (a) (2), and robbery by intimidation,[1] OCGA § 16-8-40 (a) (2). Following the grant of an out-of-time appeal, Richards contends the trial court erred in refusing to charge the jury that the "claim of right" affirmative defense, OCGA § 16-8-10 (2), could be considered as a defense to a charge of robbery.

The "claim of right" defense applies only to prosecutions for theft crimes in violation "of Code Sections 16-8-2 through 16-8-7" when a defendant "[a]cted under an honest claim of right to the property or service involved or under a right to acquire or dispose of it as he did." OCGA § 16-8-10 (2). Therefore, robbery by intimidation, which is defined in and proscribed by OCGA § 16-8-40 (a) (2), is not included in those crimes for which the "claim of right" defense is available. In refusing to extend the defense to crimes other than traditional theft

---

[1] The State indicted Richards for armed robbery, OCGA § 16-8-41 (a), but the jury found him guilty of the lesser included offense of robbery by intimidation. Richards was not charged with nor did he request a charge on the lesser included offense of theft by taking. And the trial court only charged the jury on the lesser included offense of robbery by intimidation.

cases, we explained that "[t]o allow a 'claim of right' defense to an offense, such as robbery by sudden snatching, within which the use of force is implicit would sanction the use of force to claim the property." *Westmoreland v. State*, 245 Ga. App. 482, 484 (1) (538 SE2d 119) (2000). "In such an instance, the ends do not justify the means, regardless of whether the defendant thinks he has a right to the property." *Crowder v. State*, 241 Ga. App. 818, 820 (2) (b) (527 SE2d 901) (2000) (claim of right defense not available for armed robbery).

Robbery by intimidation, unlike armed robbery, robbery by force, or robbery by sudden snatching, may be accomplished without a weapon or an overt act of physical force. That distinction does not make it a less heinous crime, however. Implicit in robbery by intimidation is the threat of violence. At common law, robbery, including robbery by intimidation, "was classified as a species of aggravated larceny which violated the social interest in the safety and security of the person as well as the social interest in the protection of property rights." *Moore v. State*, 140 Ga. App. 824, 827 (2) (232 SE2d 264) (1976). This distinction is preserved in the codified law, where robbery is treated separately from traditional theft cases. OCGA §§ 16-8-40 and 16-8-41 (Article 2, Robbery).

Robbery by intimidation is defined as the taking of property of another from the person or the immediate presence of another "by the use of threat or coercion, or by placing such person in fear of immediate serious bodily injury to himself or to another." OCGA § 16-8-40 (a) (2). To include robbery by intimidation in the list of crimes for which the claim of right defense is available would be to sanction threatening, coercive, or assaultive behavior to recover property, which is contrary to public policy. See *Moyers v. State*, 186 Ga. 446, 455 (197 SE 846) (1938) ("To let one enforce his own rights, and to use force to recover his own property, or violence to collect his debts . . . is both dangerous and unwise, has no place among civilized men, and is not approved by law."). Thus, the Supreme Court of Georgia held that

> the violent taking of money or property from the person of another by force *or intimidation*, without the consent of the owner, for the purpose of converting the same to the use of the taker *for the payment of a demand claimed to be due him* by one from whom the money or property is so taken, constitutes the offense of robbery.

(Emphasis supplied.) Id. at 455-456. See also *Hamby v. State*, 206 Ga. App. 791 (1) (426 SE2d 670) (1992) (taking of property by force or intimidation not excused by claim of debt).

Because the affirmative defense of "claim of right" is not, as a matter of law, available to Richards as a defense against a prosecution for robbery by intimidation, the trial court did not err in refusing to charge on that principle. We find no error.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED NOVEMBER 15, 2005.

*Mary Erickson*, for appellant.

*Patrick H. Head, District Attorney, Amelia G. Pray, Assistant District Attorney*, for appellee.