A06A1640. SAPP v. THE STATE.
(634 SE2d 523)

BLACKBURN, Presiding Judge.

Following a jury trial, Thorron Sapp appeals his convictions for aggravated assault and for possession of a firearm during the commission of the aggravated assault. His sole enumeration of error challenges the sufficiency of the evidence. We hold that the evidence amply supported a finding that he was a party, if not a conspirator, to these crimes, and we therefore affirm.

When reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State.*[1] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia.*[2]

So viewed, the evidence shows that Sapp was riding as a passenger in his friend's car when his friend pulled the car in behind a woman's car, blocking her car from leaving the parking lot of a restaurant. The woman was a former girlfriend of Sapp's friend. Sapp exited the friend's car and stepped into the front passenger seat of the woman's car, holding a gun in his lap and instructing her to drive her car to the friend's residence. She followed the friend's car to the residence, which was located in Fulton County. At the residence, Sapp went into the living room and the friend escorted the woman to his bedroom, where he yelled at her for discontinuing their relationship and drew a gun, firing it twice into the ceiling. After the gunshots were fired, Sapp came into the bedroom, looked around, and then closed the door. The friend pointed the gun at the woman and threatened to kill her unless she told him where her current boyfriend lived. She agreed to do so, whereupon the friend forced her at gunpoint to put on handcuffs. Sapp accompanied the pair to the friend's car and sat in the back seat, with the woman in the front passenger seat and the friend in the driver's seat.

While driving around looking for the new boyfriend's residence, the friend pulled the car into a shopping center parking lot, where Sapp encouraged the friend to simply kill the woman there. The woman suddenly forced the vehicle into "park" and escaped through the vehicle's sunroof before the friend or Sapp could hinder her. She ran to a nearby populated gas station, where the police were called and soon arrived. At no point throughout the evening did Sapp protest the actions of his friend.

Sapp and his friend were indicted for various crimes, with the counts against Sapp including kidnapping (at the restaurant), aggravated assault (at the residence), possession of a firearm during the commission of the aggravated assault (at the residence), and entering a vehicle (at the restaurant). The friend pled guilty, and at Sapp's trial, the jury acquitted him on the count for entering a vehicle but found him guilty on the remaining counts. Sapp moved for a new trial on the remaining counts, which the court granted on the kidnapping

---

[1] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).
[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

count, finding that no evidence showed that the venue of the restaurant was in Fulton County. See *Jones v. State*.[3] As to the aggravated assault and firearm possession convictions arising out of the events at the Fulton County residence, the court denied the motion, which ruling Sapp now appeals.[4]

The above evidence amply showed that Sapp was a party to the aggravated assault[5] and firearm possession[6] crimes that took place at the residence. A person is a party to a crime if he intentionally aids or abets in the commission of the crime or intentionally advises, encourages, or counsels another to commit the crime.[7] "While mere presence at the scene of the commission of a crime is not sufficient evidence to convict one of being a party thereto, presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred." *Peppers v. State*.[8] Moreover, "if the State presents sufficient evidence that the actors were involved in a conspiracy, i.e., the individuals had associated themselves together in a common design to do an unlawful act, any act done in pursuance of that association by any one of the associates would, in legal contemplation, be the act of each of them." (Punctuation omitted.) Id. at 417-418 (1).

Here, the evidence of Sapp's actions before, during, and after the friend's aggravated assault and firearm possession crimes at the Fulton County residence showed not only that Sapp was a party to those crimes but that he was a fellow conspirator in the assault against the woman. His actions in (a) forcing the woman at gunpoint to drive to the residence, (b) staying in the nearby living room while the friend shot his gun and threatened the woman (and in poking his head in the bedroom after the gun was fired), (c) accompanying the friend and the handcuffed woman in the vehicle following the incident while the friend searched for the boyfriend's residence, (d) encouraging the friend to kill the woman, and (e) not protesting any of the friend's actions throughout the evening, all combine to show he was not only aiding, abetting, and encouraging the friend to commit

---

[3] *Jones v. State*, 272 Ga. 900, 903-904 (3) (537 SE2d 80) (2000).

[4] A criminal defendant may pursue an appeal of an order denying a new trial on some counts even where a new trial is granted and pending on another count. See, e.g., *Thornton v. State*, 279 Ga. 676, 677, n. 1 (620 SE2d 356) (2005); *Mann v. State*, 252 Ga. App. 70, 71 (555 SE2d 527) (2001).

[5] OCGA § 16-5-21 (a) (2).

[6] OCGA § 16-11-106 (b) (1).

[7] OCGA § 16-2-20 (b).

[8] *Peppers v. State*, 242 Ga. App. 416, 417 (1) (530 SE2d 34) (2000).

the crimes at the residence but also that he had associated himself with the friend in a common design to commit the crimes at the residence.

The trial court did not err in denying the motion for new trial on the aggravated assault and firearm possession convictions.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED JULY 24, 2006.

*Carl P. Greenberg*, for appellant.

*Paul L. Howard, Jr., District Attorney, Anne E. Green, Assistant District Attorney*, for appellee.