A07A0609. MILLENDER v. THE STATE.
(648 SE2d 777)

BERNES, Judge.

A Cobb County jury convicted Mortez Millender of robbery[1] and aggravated assault. Millender appeals from the trial court's denial of his motion for new trial, contending that the evidence was insufficient to sustain his convictions and that the trial court erred in charging the jury on robbery by sudden snatching. For the reasons that follow, we affirm.

1. We first address Millender's challenge to the sufficiency of the evidence.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.

(Citation omitted.) *Jackson v. State*, 281 Ga. App. 506, 507 (636 SE2d 694) (2006).

So viewed, the evidence adduced at trial showed that the victim was performing painting services at an apartment complex one morning when he was approached by Millender and co-defendant, Glenn Thrash. While Millender stood nearby, Thrash reached into the victim's pocket and removed the victim's wallet. After taking cash

---

[1] Millender was indicted for armed robbery, but was convicted of "robbery" as a lesser included offense.

from the wallet, Thrash threw the wallet at the victim, lifted his shirt, and displayed a handgun.[2] The frightened victim stood by "afraid to look" as Thrash and Millender walked away. The victim's supervisor heard a cry for help and then observed Millender and Thrash flee the scene and abscond in a vehicle driven by co-defendant Kalen Wheeler.

Within minutes, Millender and his co-defendants were apprehended by police. Following his arrest, Millender admitted to police that he accompanied Thrash aware that Thrash had perpetrated an armed robbery against another apartment worker earlier that day.[3]

Millender argues that this evidence showed only his presence at the scene of the crimes and failed to establish his intent to participate in the criminal activity. We disagree. "Any party to a crime who did not directly commit the crime may be indicted, tried, convicted, and punished for commission of the crime upon proof that the crime was committed and that he was a party thereto." OCGA § 16-2-21. "While it is true that mere presence at the scene of a crime is insufficient to convict one of being a party to the crime, the jury may infer criminal intent from the person's conduct before, during, and after the commission of the crime." (Citation omitted.) *Martin v. State*, 271 Ga. 301, 304 (1) (518 SE2d 898) (1999). See also OCGA § 16-2-6 (the jury may infer criminal intent "upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted").

Here, Millender's admissions coupled with his flight from the scene authorized the jury to conclude that Millender went to the apartment complex intending to participate in the robbery and that he in fact participated in the robbery by acting as a lookout and an additional show of force. Based on the evidence at trial, any rational trier of fact could have found beyond a reasonable doubt that Millender was a party to the crimes of robbery and aggravated assault. See OCGA §§ 16-2-21, 16-5-21 (a) (2), 16-8-40 (a); *Smith v. State*, 258 Ga. 181, 183 (3) (366 SE2d 763) (1988).

2. Millender also contends the trial court erred by granting the state's request to charge the jury on robbery by sudden snatching. He concedes that the trial evidence supported such a charge, but claims that the giving of the charge was nevertheless error because the

---

[2] The trial court granted a directed verdict of acquittal as to the armed robbery charge because the victim's wallet and cash were taken prior to Thrash's display of the handgun. See *Gatlin v. State*, 199 Ga. App. 500, 500-501 (1) (405 SE2d 118) (1991).

[3] Millender and his co-defendants also had been indicted for armed robbery and aggravated assault involving a prior incident occurring on the same morning and against another victim at a nearby residential property. Thrash pled guilty to the armed robbery charge pertaining to this prior incident. Millender and Wheeler were acquitted of those charges.

indictment did not put him on notice that he could be convicted of robbery by sudden snatching. Again, we disagree.

It is axiomatic that a conviction upon a charge not made or upon a charge not tried constitutes a denial of due process. *Jackson v. Virginia*, [supra]. The law puts a defendant on notice that he may be convicted of a crime included in a crime charged in the indictment or accusation and it defines included crimes. OCGA § 16-1-6. . . . Due process of law requires that the indictment or accusation put the defendant on notice of the crimes with which he is charged and against which he must defend. A defendant is on notice of the crime charged (named) in the indictment or accusation and (1) lesser crimes which are included in the crime charged as a matter of law, OCGA § 16-1-6, . . . and (2) other lesser crimes which are shown by the facts alleged to show how the crime charged was committed.

(Citations and punctuation omitted.) *McCrary v. State*, 252 Ga. 521, 524 (314 SE2d 662) (1984).

Due process was satisfied in this case because the indictment alleging armed robbery gave Millender notice that he could be convicted of robbery by sudden snatching. See, e.g., *Hambrick v. State*, 174 Ga. App. 444, 445 (1), 447 (2) (330 SE2d 383) (1985) (affirming defendant's conviction of robbery by the use of force, intimidation, or sudden snatching as a lesser included offense of armed robbery); *Bradford v. State*, 173 Ga. App. 792 (1) (328 SE2d 409) (1985) (affirming defendant's conviction of robbery when trial court charged the jury on both robbery and robbery by intimidation as lesser included offenses of armed robbery). The indictment alleged in pertinent part that Millender "did unlawfully with the intent to commit theft, take property . . . of [the victim], from the immediate presence and person of [the victim]."[4] The essential elements of both armed robbery and robbery by sudden snatching were contained within the indictment. OCGA §§ 16-8-40 (a); 16-8-41 (a). Because robbery by sudden snatching does not involve the use of a weapon, it differs from armed robbery in that it poses a "less serious . . . risk of injury to the [victim]." OCGA § 16-1-6 (2).[5] As such, robbery by sudden

---

[4] The term "snatch" is defined as "to take or grasp abruptly or hastily." Merriam-Webster Online Dictionary (2007).

[5] OCGA § 16-1-6 provides that "[a]n accused may be convicted of a crime included in a crime charged in the indictment." A crime is included in the crime charged in the indictment when "[i]t is established by proof of the same or less than all the facts . . . required to establish the commission of the crime charged; or . . . [i]t differs from the crime charged only in the respect

snatching is a lesser included offense of armed robbery as a matter of law.[6] Thus, the trial court did not err in submitting the challenged charge to the jury.[7]

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED JULY 5, 2007 —

*Ruth P. Marks*, for appellant.
*Patrick H. Head, District Attorney*, for appellee.

---

that a less serious injury or risk of injury to the same person . . . or a lesser kind of culpability suffices to establish its commission." OCGA § 16-1-6 (1), (2).

[6] Millender points out that OCGA § 16-8-41 (a) provides only that "[t]he offense of robbery by intimidation shall be a lesser included offense in the offense of armed robbery." This is so because "[r]obbery by intimidation, unlike armed robbery, robbery by force, or robbery by sudden snatching, may be accomplished without a weapon or an overt act of physical force." *Richards v. State*, 276 Ga. App. 384, 385 (623 SE2d 222) (2005).

[7] Millender complains only about the trial court's charge on robbery by sudden snatching. We note that the trial court also charged the jury on robbery by force and intimidation. The jury did not specify the form of robbery upon which its guilty verdict was based.