## A11A0790. BLANKS v. THE STATE.

(715 SE2d 762)

DILLARD, Judge.

Following trial, a jury convicted Willie J. Blanks on one count each of aggravated assault, simple battery, possession of a firearm during the commission of a crime (aggravated assault), and possession of a firearm by a convicted felon. Blanks appeals, arguing that the evidence was insufficient to support his convictions. For the reasons noted infra, we affirm.

Viewed in the light most favorable to the jury's guilty verdict,[1] the record shows that just before noon on December 23, 2008, Travis Curtis was walking down a street in his neighborhood when he was approached by a car, in which Blanks, Thomas Dewitt, and two other young men were passengers. Curtis knew all of the men in the car, including Blanks and Dewitt and, therefore, walked over to the vehicle's passenger-side window after Blanks called him over to talk. Based on a long-running dispute between Curtis and Dewitt over a girlfriend, the conversation quickly became heated, and Blanks slapped Curtis in the face. Blanks then encouraged Dewitt to "whip" Curtis. At that point, Blanks and Dewitt exited the car, and Dewitt struck Curtis in the head with a pistol that Blanks had given to Dewitt only a minute or two earlier. As Curtis lay bleeding from the wound to his head (which ultimately required 15 stitches), Blanks and Dewitt got back into the car and drove away. Curtis immediately reported the incident to the police, who later arrested Blanks and Dewitt for the assault.

Thereafter, Blanks and Dewitt were indicted jointly on one count of aggravated assault with a deadly weapon,[2] and Blanks was indicted individually on one count each of simple battery,[3] possession of a firearm during the commission of a crime,[4] and possession of a firearm by a convicted felon.[5] During trial, Curtis testified regarding the details of the assault. In addition, a police officer testified that in the course of his investigation of the incident, Blanks led police to a pistol, which had been hidden in the trunk of another vehicle and matched the description of the pistol used to strike Curtis. The State also introduced a written statement that Blanks provided to the police, in which he admitted that he slapped Curtis in the face and that Dewitt hit Curtis in the head with the pistol. Finally, the State

---

[1] See, e.g., Goolsby v. State, 299 Ga. App. 330, 330-31 (682 SE2d 671) (2009); see also Jackson v. Virginia, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

[2] See OCGA § 16-5-21 (a) (2).

[3] See OCGA § 16-5-23 (a) (1).

[4] See OCGA § 16-11-106 (b) (1).

[5] See OCGA § 16-11-131 (b).

called Dewitt as a witness, and he testified that Blanks gave him the pistol that he used to strike Curtis just moments before the assault occurred. At the conclusion of the trial, the jury found Blanks guilty on all counts of the indictment. Subsequently, Blanks filed a motion for a new trial, which the trial court denied. This appeal follows.

1. Blanks contends that the evidence was insufficient to support his conviction of aggravated assault with a deadly weapon. We disagree.

At the outset, we note that when a criminal conviction is appealed, the evidence must be viewed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence.[6] We do not weigh the evidence or determine witness credibility "but only determine whether a rational trier of fact could have found the defendant[ ] guilty of the charged offenses beyond a reasonable doubt."[7] Accordingly, the jury's verdict will be upheld "[a]s long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case[.]"[8]

Aggravated assault is committed when a person "assaults . . . [w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury[.]"[9] Moreover, it is well established that "[e]very person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime."[10] In this respect, "[w]hether a defendant was a party to the crime and aided and abetted in the commission of a crime is a matter for the jury."[11] Furthermore, "[w]hile it is true that mere presence at the scene of a crime is insufficient to convict one of being a party to the crime, the jury may infer criminal intent from the person's conduct before, during, and after the commission of the crime."[12]

And here, the evidence shows that Blanks was involved in the initial argument with Curtis and slapped Curtis in the face. More importantly, the evidence also shows that Blanks gave Dewitt the pistol that Dewitt used to strike Curtis on the head, encouraged

---

[6] *See, e.g., English v. State*, 301 Ga. App. 842, 842 (689 SE2d 130) (2010).

[7] *Lott v. State*, 303 Ga. App. 775, 776 (1) (694 SE2d 698) (2010) (citation and punctuation omitted).

[8] *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001) (citation and punctuation omitted).

[9] OCGA § 16-5-21 (a) (2).

[10] OCGA § 16-2-20 (a).

[11] *Gant v. State*, 291 Ga. App. 823, 825 (1) (662 SE2d 895) (2008) (citation omitted).

[12] *Id.* (citation and punctuation omitted).

Dewitt to "whip" Curtis just moments before the assault occurred, and then fled the scene with Dewitt and the other two men as Curtis lay bleeding. Thus, there was sufficient evidence for a rational trier of fact to find that Blanks was guilty as a party to the aggravated assault with a deadly weapon.[13]

2. Blanks also generally contends that the evidence was insufficient to support his other convictions. However, he offers no substantive argument to support this contention and focuses solely on challenging his aggravated-assault conviction. Pursuant to Court of Appeals Rule 25 (a) (3) and (c) (2), "an appellant must support enumerations of error with argument and citations of authority, and mere conclusory statements are not the type of meaningful argument contemplated by the rule."[14] Thus, Blanks has abandoned any challenge to the sufficiency of the evidence with regard to his other convictions. Nevertheless, we have reviewed the record and conclude that there was sufficient evidence for a rational trier of fact to find Blanks guilty beyond a reasonable doubt of simple battery, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon.[15]

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED AUGUST 3, 2011.

*Timothy L. Eidson, Rashawn D. Clark*, for appellant.
*Denise D. Fachini, District Attorney, Matthew P. Brown, Assistant District Attorney*, for appellee.

---

[13] *See, e.g., Millender v. State*, 286 Ga. App. 331, 331-32 (1) (648 SE2d 777) (2007) (holding that defendant's acts of standing nearby as co-defendant robbed and threatened victim and fleeing with co-defendant was sufficient to convict defendant as a party to armed robbery and aggravated assault); *Sapp v. State*, 280 Ga. App. 592, 594-95 (634 SE2d 523) (2006) (holding that evidence that defendant accompanied co-defendant as he assaulted former girlfriend was sufficient to convict defendant as a party to aggravated assault).

[14] *Quarterman v. State*, 305 Ga. App. 686, 690 (1) (b) (700 SE2d 674) (2010) (footnote and punctuation omitted); *see also* Court of Appeals Rule 25 (a) (3), (c) (2).

[15] *See Jackson*, 443 U. S. at 318-20 (III) (B).