A89A2079. MORGAN et al. v. THE STATE.
(392 SE2d 715)

COOPER, Judge.

William James Morgan and Alvin Cecil Mobley were convicted of the offense of cruelty to animals (OCGA § 16-12-4) and commercial gambling (OCGA § 16-12-22). They appeal, contending that the trial court erred in not granting their motions for directed verdict of acquittal or for new trial.

Viewing the evidence with every inference and presumption in favor of the verdict, *Thomas v. State*, 173 Ga. App. 810 (2) (328 SE2d 422) (1985), it shows that on March 12, 1988, officers and agents of the Brantley County Sheriff's Department, the Georgia Department of Human Resources and the Georgia State Patrol raided a cockfight being held on Morgan's property. An undercover GBI agent, F. L. Gillis, had been at the arena for over an hour before the raid occurred and had paid Mobley, the gateman, to gain entrance. While inside the barn where the fighting pit was located, Gillis observed several live gamecock fights as well as persons engaged in open gambling and

placing of bets. When the rest of the law enforcement officers arrived, the persons attending and participating in the cockfights fled into the surrounding woods. The officers gave chase and captured over 150 persons all of whom were arrested and charged with cruelty to animals for their participation in the illegal cockfights. Appellants were also charged with commercial gambling for their active roles in staging and/or profiting from the event. The gamecocks and assorted cockfighting equipment, such as spurs and sharpening tools, were seized.

Seventeen of the defendants, including appellants, demanded jury trials, and were tried together. Two defendants won directed verdicts of acquittal because they were outside the gate to the arena when the raid began. The remaining defendants were convicted of cruelty to animals and appellants were additionally convicted of the commercial gambling charges. Only appellants have appealed their convictions and sentences.

Appellants contend that evidence of their presence at the scene, flight from the law enforcement officers, Morgan's purported ownership of the gaming area and Mobley's collection of money at the gate was insufficient to show that they had an active role or a monetary motive in the gaming enterprise so as to support the guilty verdict on either count. See *Brackett v. State*, 142 Ga. App. 601 (2) (236 SE2d 689) (1977). We do not agree. Not only was Mobley identified as the person who demanded a ten dollar admission fee from everyone who entered the fighting arena, when captured he still had $256 in cash in his pants pocket. This made him a direct participant in the criminal enterprise, and thus chargeable with both crimes under OCGA § 16-2-20. There was further evidence that Morgan had attempted to transfer title to his land to the Cherokee Confederacy and had inquired as to whether or not cockfighting was illegal on Cherokee Nation territory. The transfer was not accepted and the invalid deed, an aerial photograph of the property, and testimony of witnesses describing its location and giving directions to it were introduced in evidence. " ' "Where there is a conflict in the testimony of witnesses, their credibility is for the jury, and not this court to decide." ' [Cits.]" *Harris v. State*, 188 Ga. App. 795 (374 SE2d 565) (1988). "On appeal of a criminal conviction, the evidence is to be viewed 'in the light most favorable to the prosecution' (i.e., in the light most favorable to the jury's determination that the defendant is guilty), not in the light most favorable to the defendant. [Cit.]" (Punctuation omitted.) *Ross v. State*, 192 Ga. App. 65, 66 (383 SE2d 627) (1989). The fight was staged on Morgan's property on which the arena and bleachers were erected, Mobley was collecting the admission fees, and gamecocks with spurs and other fighting equipment were found on the premises. Thus, the evidence was sufficient to show that appellants were in-

volved in the operation of organizing a cockfight, which is proscribed conduct under OCGA § 16-12-4. See *Hargrove v. State*, 253 Ga. 450 (4) (321 SE2d 104) (1984). Likewise, because there was eyewitness testimony of the placing of bets, and of odds being made and given and accepted on the bets, the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that appellants were guilty of both cruelty to animals and commercial gambling. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 28, 1990 —
REHEARING DENIED MARCH 22, 1990 — ■

*Donald A. Starling*, for appellants.
*Harry D. Dixon, Jr.*, District Attorney, *George E. Barnhill*, Assistant District Attorney, for appellee.