S11A0257. JOHNSON v. THE STATE.
(707 SE2d 92)

THOMPSON, Justice.

A jury found appellant Ricky Johnson guilty of malice murder, two counts of felony murder, armed robbery, two counts of aggravated assault, possession of a knife during the commission of a crime, two counts of financial transaction card fraud and recidivism in connection with the stabbing death of George Ponder.[1] Johnson appeals from the trial court's denial of his motion for new trial, challenging the

---

[1] The victim was last seen alive on April 27, 2007, and his body was discovered in the afternoon of April 28, 2007. On June 25, 2008, a Dougherty County grand jury returned a true bill of indictment against Johnson. Trial commenced on September 15, 2008, and concluded on September 17, 2008, with the jury's return of guilty verdicts on all counts. Johnson was sentenced to life imprisonment on the malice murder count, life imprisonment without the possibility of parole for armed robbery, five years concurrent imprisonment on the possession charge, and three years concurrent imprisonment for each of the financial card fraud charges. The felony murder and aggravated assault charges were vacated as a matter of law and fact. See *Sims v. State*, 278 Ga. 587 (2) (604 SE2d 799) (2004). A motion for new trial was filed on September 23, 2008, amended on February 16, 2010, and denied on September 23, 2010. Johnson filed his notice of appeal on September 24, 2010. The appeal was docketed in this Court for the January 2011 term and submitted for decision on the briefs.

sufficiency of the evidence and arguing that the trial court erred by admitting into evidence inadmissible hearsay testimony. For the reasons that follow, we affirm in part and reverse in part.

The jury was authorized to find that on the evening of April 27, 2007, Johnson was at the victim's home, where he asked a neighbor if she had seen the victim. Johnson was the victim's step-nephew. Johnson commented to the neighbor that he was worried about the victim because he was in possession of or recently had received a sum of money. The victim arrived a few minutes later and Johnson, the victim, and another man and woman who arrived with the victim went inside. The victim was discovered the next afternoon on the floor of his home. His throat had been cut, and there were wounds on his body indicating there may have been a struggle. All doors to the victim's home were locked; there was no sign of forced entry. The victim's cell phone was found on the table near his body. Evidence showed Johnson used the victim's cell phone on April 28 at 3:50 a.m., 4:57 a.m., 9:02 a.m., and 11:30 a.m. to call a friend, offering to sell certain items. He also called his mother during this same time period. Video cameras showed Johnson at multiple ATMs on the evening of April 27 making withdrawals with the victim's debit card. The coroner calculated the victim died sometime between 1:30 p.m. on the 27th and 7:30 a.m. on the 28th.

Several days after the crimes, police went to Johnson's apartment where he lived with his mother and stepfather (the victim's brother, Clifford) to bring him in for questioning. As one officer knocked on the front door, an officer standing outside the rear of the apartment saw Johnson moving the blinds and reaching to open the window. The officer drew his gun and told Johnson not to do it. After entering the apartment, officers told Johnson they needed to speak with him and followed him back to a bedroom where he could get dressed. Johnson put on a shirt and pants, then reached for a pair of white tennis shoes, looked at them, and set them down. Johnson then put on a different pair of tennis shoes and went with police. Police returned to the apartment with a search warrant, where they recovered the white tennis shoes. Testing of blood samples taken from the shoes determined the samples matched the victim's DNA. Johnson gave several contradictory statements about where he was on the night of the murder; he admitted, however, that he used the victim's debit card for those transactions for which police had videotape evidence.

1. Johnson contends the circumstantial evidence presented by the State was insufficient to authorize his conviction because the evidence did not exclude every reasonable hypothesis save that of his guilt. See OCGA § 24-4-6. He relies on evidence that someone else used the victim's debit card at noon on the 27th and that two

witnesses saw someone, not Johnson, driving the victim's truck on the morning of the 28th. He additionally argues the State failed to disprove the reasonable hypothesis that the victim's brother committed the murder while wearing Johnson's shoes and failed to present any evidence establishing that Johnson used the victim's debit card without consent.

> [T]he correct rule for determining the sufficiency of the evidence in convictions based entirely on circumstantial evidence is that "questions as to reasonableness are generally to be decided by the jury which heard the evidence and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, the appellate court will not disturb that finding, unless the verdict of guilty is insupportable as a matter of law." [Cit.]

*Roper v. State*, 263 Ga. 201 (1) (429 SE2d 668) (1993). It is the role of the jury to resolve conflicts in the evidence and to determine the credibility of witnesses. *Sims v. State,* supra at 278 Ga. 587. The resolution of such conflicts adversely to the defendant does not render the evidence insufficient. Id.

(a) With regard to Johnson's armed robbery conviction, we agree this conviction must be overturned because the evidence fails to establish that the victim's debit card was taken with force before or contemporaneous with the taking. Under OCGA § 16-8-41 (a), "[a] person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon." We have held that "[t]his section clearly contemplates that the offensive weapon be used as a concomitant to a taking which involves the use of actual force or intimidation (constructive force) against another person." *Hicks v. State*, 232 Ga. 393, 403 (207 SE2d 30) (1974). Here, the evidence fails to establish whether Johnson first took the debit card and then killed the victim or whether he killed the victim and then took the debit card. Under the former scenario, Johnson would not be guilty of armed robbery because the theft was completed before force was employed against the victim. See *Miles v. State*, 261 Ga. 232 (1) (b) (403 SE2d 794) (1991). Under the latter scenario, Johnson would be guilty of armed robbery. Id. Because the evidence incriminating Johnson of armed robbery is wholly circumstantial and both scenarios are equally reasonable, we must conclude that the evidence was insufficient for a rational trier of fact to have found Johnson guilty of armed robbery beyond a reasonable doubt. His conviction for armed robbery is therefore reversed.

(b) With regard to the remaining charges, we find the evidence

was sufficient. There was evidence placing Johnson at the victim's home during the time of the murder and evidence of the victim's blood on Johnson's shoes, shoes which Johnson intentionally chose not to wear when being questioned by police. This evidence, together with Johnson's own statements regarding his use of the victim's debit card, and more specifically, the number, amounts, and circumstances surrounding the ATM withdrawals, was sufficient to authorize the jury to determine the State excluded all reasonable hypotheses save that of Johnson's guilt and to find Johnson guilty beyond a reasonable doubt of the crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The State presented at trial the testimony of Sergeant Persley, one of the officers who executed the search warrant at Johnson's apartment. Persley testified that he recovered a pair of white tennis shoes with a red substance on the bottom from the closet in Johnson's bedroom and that he told Detective Wilson where he discovered the shoes. During her testimony, Wilson was asked by the prosecutor whether Persley told her from which room he recovered the shoes. Wilson was allowed to testify over Johnson's hearsay objection that Persley told her the specific room in which the shoes were found and that they were in "Johnson's bedroom." Johnson contends it was reversible error to allow Wilson to testify as to what Persley told her.

Assuming without deciding it was error not to sustain the hearsay objection, we find the error harmless because the challenged evidence was cumulative of Persley's own testimony regarding where the shoes were found. The admission of hearsay is harmless when it is cumulative of admissible evidence showing the same fact. *Hooten v. State*, 256 Ga. 31, 33 (1) (343 SE2d 481) (1986).

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED MARCH 7, 2011.

*Kevin C. Armstrong, Leisa G. Terry*, for appellant.
*Gregory W. Edwards, District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Mary K. Ware, Assistant Attorney General*, for appellee.