S11A1031. GLASS v. THE STATE.
(715 SE2d 85)

BENHAM, Justice.

Appellant Ernest Glass seeks reversal of his convictions for malice murder, three counts of aggravated assault, and four counts of possession of a firearm during the commission of a crime. He challenges the sufficiency of the evidence, contends the trial court erred when it denied his motion to sever his trial from that of his co-defendants and when it denied his motion for a continuance, and

---

asserts that his trial counsel provided ineffective assistance of counsel when counsel failed to renew his motion to sever following the testimony of one of his co-defendants. After reviewing the record, we affirm the judgment of conviction.[1]

1. The State presented evidence that Lisa Odell Mosby was fatally shot as she stood on the front porch of a friend's home. She was killed by a bullet that entered her left breast at the fifth rib, perforated her heart and, traveling in a downward direction, exited her back at the tenth rib. The three men with her when she was shot identified appellant as the man who fired six to eight shots at them and Ms. Mosby from the front passenger seat of a gray Chevrolet Caprice owned by one of the co-defendants. Four 9-mm shell casings were found in the street in front of the house, and one of two bullet holes in an exterior wall of the house contained a 9-mm bullet. There was testimony that appellant was the current boyfriend of a woman who was the former girlfriend of one of the three men with the murder victim, and that appellant and the former boyfriend had exchanged heated words earlier the day the victim was killed as well as the afternoon of the day before the shooting.

Appellant contends the evidence was insufficient to authorize his conviction in light of testimony that one of the men at the house fired a gun at the car and evidence that the bullet passed through the victim's body in a downward direction, which was at odds with testimony that the victim was standing on a porch above the level of the street when she was shot. "It is the role of the jury to resolve conflicts in the evidence and to determine the credibility of witnesses. [Cit.] The resolution of such conflicts adversely to the defendant does not render the evidence insufficient. [Cit.]" *Johnson v. State*, 288 Ga. 771 (1) (707 SE2d 92) (2011). Reviewing the evidence in the light most favorable to the verdict, we conclude it was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of malice murder, three counts of aggravated assault, and four counts of possession of a firearm during the

---

[1] The crimes occurred on February 10, 2003. Appellant and two others were charged in the eight-count indictment returned by the Fulton County grand jury on May 30, 2003. After the State successfully appealed the trial court's grant of a motion to suppress a photo identification of appellant by a witness (*State v. Glass*, 279 Ga. 696 (620 SE2d 371) (2005)), appellant and his co-indictees faced a jury trial in December 2006. The jury found appellant guilty on all counts and, in January 2007, the trial court sentenced appellant to life imprisonment for malice murder, three concurrent five-year sentences for the three aggravated assault convictions, and concurrent five-year sentences, to be served consecutively to the term of life imprisonment, for each of the four convictions for possession of a firearm in the commission of a felony. Appellant's amended motion for out-of-time appeal was denied on December 8, 2010, a motion for out-of-time appeal filed on February 1, 2011, was granted the following day and the notice of appeal was filed February 4. The appeal was docketed to the April 2011 term of this Court and was submitted for decision on the briefs.

commission of a crime. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant argues the trial court abused its discretion when it denied his motion to sever his trial from that of his co-defendants.[2]

> When two or more defendants are jointly indicted for a capital felony where the death penalty is waived, defendants may be tried jointly or separately in the discretion of the trial court. OCGA § 17-8-4. . . . The burden is on the defendant requesting the severance to . . . make a clear showing of prejudice and a consequent denial of due process. [Cit.] In exercising its discretion, the court must consider three factors: (1) Whether a joint trial will create confusion of evidence and law; (2) whether there is danger that evidence implicating one defendant will be considered against the other, despite cautionary instructions to the contrary; and (3) whether the co-defendants will press antagonistic defenses.

*Dennard v. State*, 263 Ga. 453 (5) (435 SE2d 26) (1993), overruled on other grounds in *Sanders v. State*, 281 Ga. 36, 37 (635 SE2d 772) (2006). The trial court denied the motion after finding that the assertions with regard to antagonistic defenses were vague and speculative and that none of the defendants had proffered the corroborating testimony of his/her co-defendants or any evidence that they would testify should the trials be severed. The trial court allowed that it would reconsider the motion during the trial should that become necessary. Appellant and one of his co-defendants testified at trial and were subject to cross-examination by their co-defendants.

On appeal, appellant maintains that the number of defendants (three) and the relationships among the defendants and the victims created confusion that warranted separate trials. "Merely because three defendants are tried together is not cause for a severance." *Green v. State*, 274 Ga. 686 (2) (558 SE2d 707) (2002). The familial and personal inter-relationships of the three defendants and one of the victims were not so confusing as to warrant separate trials given that the relationships went to motive for the shootings and would have been admissible had the co-defendants been tried separately. Appellant also contends that he and the co-defendant who testified had antagonistic defenses. Both appellant and the testifying co-defendant each testified he was not at the scene of the crimes;

---

[2] The motion was filed by one of appellant's co-defendants and adopted by appellant and the remaining co-defendant.

however the co-defendant implicated appellant by testifying that appellant borrowed the co-defendant's car the afternoon of the shooting and drove off in it with the co-defendant's younger brother. Antagonism between co-defendants is not enough by itself to require severance (*Johnson v. State*, 287 Ga. 767 (2) (700 SE2d 346) (2010)), and the co-defendant's testimony implicating appellant is not a sufficient reason to grant a severance since the testifying co-defendant was subject to cross-examination by appellant's trial counsel and the testimony would have been admissible had appellant been tried separately. *Green v. State*, supra, 274 Ga. at 688. Appellant not having shown the requisite prejudice from the denial of the motion to sever, we cannot say the trial court abused its discretion. See *Rivers v. State*, 283 Ga. 1 (2) (655 SE2d 594) (2008).

3. Appellant believes trial counsel did not provide him with effective assistance of counsel when, after his co-defendant testified, appellant's counsel failed to renew his motion to sever his trial from that of his co-defendants. To prevail on a claim of ineffective assistance of trial counsel, appellant must show counsel's performance was deficient and that the deficient performance prejudiced appellant to the point that a reasonable probability exists that, but for counsel's deficient performance, the outcome of the trial would have been different. *Pruitt v. State*, 282 Ga. 30 (4) (644 SE2d 837) (2007). At the hearing on appellant's motion for new trial, appellant's trial counsel testified that he did not renew the motion to sever because counsel had impeached the co-defendant on cross-examination and counsel believed the trial court would not grant severance at that stage of the proceedings. Since this strategic decision fell within the wide latitude of presumptively reasonable conduct engaged in by trial attorneys, trial counsel's failure to renew the motion did not constitute deficient performance. See *Kitchens v. State*, 289 Ga. 242 (710 SE2d 551) (2011).

4. Lastly, appellant sees reversible error in the trial court's refusal to grant a continuance appellant requested the morning the trial was scheduled to commence. Appellant sought the continuance on the ground that the State had notified defense counsel of two new witnesses a day earlier. The assistant district attorney informed the trial court that one of the witnesses at issue was included in discovery provided by the State, and the witness's name, date of birth, gender, race, and address were provided to appellant ten days prior to trial. The assistant district attorney also stated she would refrain from calling the second witness and would cross-examine that witness when the witness was called to testify by one of the

co-defendants.[3] The trial court denied the motion for continuance and offered to start the trial later in the day or to take a longer lunch break in order to give appellant time to interview the two witnesses. When appellant's counsel stated that his concern was not with the content of the witnesses' testimony but with investigating whether appellant had an alibi defense for the 3 1/2-year-old incident about which he believed the witnesses would testify, the assistant district attorney offered the assistance of the district attorney's investigators to locate whomever defense counsel could identify, and the trial court offered to allocate funds defense counsel could use to retain an investigator. After a recess, defense counsel informed the court he had spoken with the district attorney's investigator and was trying to gather the necessary information.

"All applications for continuance are addressed to the sound legal discretion of the court" (OCGA § 17-8-22), and the trial court's exercise of discretion will not be disturbed in the absence of clear abuse. *Carter v. State*, 285 Ga. 394 (7) (677 SE2d 71) (2009). We cannot say the trial court abused its discretion when it denied the continuance insofar as the witness called by the State is concerned. Inasmuch as the State did not call the witness whose identity was not made known to appellant's trial counsel until the day before trial, and appellant was given the opportunity to interview the witness before the trial commenced, the trial court did not abuse its discretion in denying a continuance insofar as the second witness is concerned. See OCGA § 17-16-6 (outlining proper remedies for discovery violations).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 12, 2011.

*Raina J. Nadler*, for appellant.

*Paul L. Howard, Jr., District Attorney, Paige R. Whitaker, Christopher M. Quinn, Assistant District Attorneys, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Amy E. Hawkins Morelli, Assistant Attorney General*, for appellee.

---

[3] The witness who had been mentioned in discovery provided before trial was called by the State to testify in its case-in-chief; the other witness did not testify until one of appellant's co-defendants called her. Counsel for a co-defendant also informed the trial court that the witness called by the State had been mentioned in earlier discovery and her identifying information had been shared with defense counsel ten days before trial.