## S12A1139. DUNN v. THE STATE.
### (732 SE2d 524)

THOMPSON, Presiding Justice.

Appellant Torrance Dunn was convicted of malice murder, possession of a firearm during the commission of a crime, and five counts of felony obstruction in connection with the shooting death of Ramon Smith.[1] His motion for new trial was denied, and he appeals. For the reasons that follow, we affirm.

1. Viewed in the light most favorable to the verdict, the jury was authorized to find that on the night of the crimes an Athens-Clarke County police officer observed a vehicle crashed into a roadside guardrail. When the officer stopped and looked in the vehicle's window, she saw appellant punching, scratching, and biting the victim. The victim was deceased, but still buckled into the driver's seat, with six gunshot wounds to his torso. Appellant's mouth was bloody and he had what appeared to be brain matter on his leg. Evidence of appellant's DNA was found on a pistol discovered on the steering column, and casings and bullets recovered in the vehicle by police matched a bullet removed from the victim.

Officers attempted to administer a gunshot residue test on appellant's hands at the jail, and in doing so, they observed a hand injury which included blood and black powder residue consistent with appellant having recently discharged a firearm. After the booking process was completed, officers took appellant to see a jail nurse so she could evaluate his hand injury. Appellant told the nurse the

---

[1] The crimes occurred on November 11, 2000. Appellant was indicted by a Clarke County grand jury on April 17, 2002, on charges of malice murder, felony murder, aggravated assault, two counts of possession of a firearm during the commission of a crime, and five counts of felony obstruction. After a December 2-11, 2002 jury trial, he was found guilty of all charges. Appellant was sentenced on December 11, 2002 to life in prison on the malice murder count, five years consecutive in prison for possession of a firearm during the commission of a crime, and five years consecutive in prison on each of the counts of felony obstruction. The felony murder, aggravated assault and possession of a firearm in the commission of an aggravated assault charges were vacated by operation of law or merged. See *Malcolm v. State*, 263 Ga. 369, 371-374 (434 SE2d 479) (1993). Appellant filed a motion for a new trial on January 9, 2003. New counsel was appointed to represent appellant on October 29, 2010, and an amended motion for new trial was filed on August 31, 2011. The trial court denied the motion for new trial on October 3, 2011. Appellant filed a notice of appeal on October 19, 2011. The appeal was docketed to the April 2012 term of this Court and orally argued July 10, 2012.

injury was due to a gunshot wound. Appellant subsequently admitted to a fellow inmate that he had ingested "bad cocaine" that made him paranoid, and he killed the victim because he was disrespectful. The State also presented evidence that appellant struggled with and hit several officers at both the scene and at the jail.

Although appellant challenges the sufficiency of the evidence, we conclude the evidence was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends privacy guarantees in the Georgia Constitution precluded the admission into evidence of testimony of a jail nurse concerning statements made by appellant to her. See 1983 Ga. Const., Art. I, Sec. I, Par. I; Ga. Const., Art. I, Sec. I, Par. XIII. More specifically, appellant argues the nurse's testimony was inadmissible because his medical records were obtained in violation of his right to privacy and the State would not have known about his statement to the nurse but for its improper receipt of the medical records. Even assuming for purposes of this opinion that the nurse's testimony was admitted in violation of appellant's right to privacy and that appellant did not waive this right by placing the nature and extent of his injuries at issue, see OCGA § 24-9-40 (a), we conclude the error was harmless beyond a reasonable doubt because the other evidence properly admitted against appellant was overwhelming. See *Hatley v. State*, 290 Ga. 480, 485 (722 SE2d 67) (2012) (evidence of guilt overwhelming where defendant was only male in room with victim and he admitted incriminating facts); *Vaughn v. State*, 248 Ga. 127, 131 (281 SE2d 594) (1981) (overwhelming evidence of "guilt can negate the possibility that the constitutional error contributed to the conviction"). Appellant was discovered alone with the victim in the vehicle where he was beating the victim; he was covered with the victim's blood; the victim was shot six times by a gun found in the vehicle; evidence of appellant's blood and DNA were found on the gun; and he admitted to another inmate that he shot the victim.

3. At trial, Detective Ricketts, who was also a certified emergency medical technician, was allowed to testify over appellant's objection that on the night of the crimes he did not see any signs indicating appellant had suffered a head injury.[2] Appellant contends admission of this testimony was error because the detective was

---

[2] In response to appellant's objection, the trial court ruled Detective Ricketts would not be allowed to offer an expert opinion as to whether a head injury actually occurred but would be allowed to testify based upon his observations, training, and experience, whether appellant showed any signs of a head injury.

allowed to offer an expert opinion without proper foundation and without proper notice to appellant. We disagree. The detective's testimony on direct examination included only his personal observations of appellant's behavior and physical well-being on the night of the crimes. "A witness who personally observed the event to which [he] is testifying may state [his] impressions drawn from, and opinions based upon, the facts and circumstances observed by [him]." *Smith v. State*, 290 Ga. 428, 430 (721 SE2d 892) (2012). In addition, a "lay witness is permitted to give [his] opinion as to a defendant's behavior, so long as it is based upon personal observation and the witness states the facts upon which an opinion is based." *Bridges v. State*, 279 Ga. 351, 356 (613 SE2d 621) (2005). See OCGA § 24-9-65. To the extent appellant challenges testimony elicited on cross-examination, counsel elicited the unfavorable testimony and will not be heard to object to it because the detective's answers were in direct response to defense counsel's questions. See *Simmons v. State*, 271 Ga. 563, 567 (522 SE2d 451) (1999); *Mosely v. State*, 269 Ga. 17, 21 (4) (495 SE2d 9) (1998).

4. Appellant alleges trial counsel rendered ineffective assistance on several grounds. To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), an appellant "must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense." (Punctuation omitted.) *Washington v. State*, 276 Ga. 655, 658 (3) (581 SE2d 518) (2003). If an appellant fails to meet either prong of the *Strickland* test, it is not incumbent upon this Court to examine the other prong. *Battles v. State*, 290 Ga. 226, 229 (719 SE2d 423) (2011).

(a) Appellant claims trial counsel was ineffective because he introduced evidence of appellant's drug use through the recorded statement of another witness. Even assuming counsel's failure to redact evidence of appellant's drug use from the recorded statement constitutes deficient performance, appellant has failed to demonstrate a reasonable probability the outcome of the trial would have been different had he done so. The evidence against appellant, including his own admission to a fellow inmate and physical evidence from the crime scene, was overwhelming. Accordingly, appellant cannot sustain his burden of proving ineffective assistance on this ground. See *Simpson v. State*, 289 Ga. 685 (5) (715 SE2d 142) (2011).

(b) Appellant also raises a claim of ineffective assistance based on counsel's failure to object to the admission of evidence of his drug use through a witness for the State. However, a defendant has an obligation to raise all allegations of ineffective assistance of counsel at the earliest practicable moment, and any allegation not raised is

deemed waived. *Simmons v. State*, 281 Ga. 437, 438 (637 SE2d 709) (2006). This ground for ineffective assistance was not raised on amended motion for new trial and therefore is not preserved for review. Id.

(c) Appellant fails in his assertion that counsel was ineffective by failing to object to statements made by Detective Ricketts indicating his desire to get a statement from appellant after he calmed down.[3] The detective's statements that he wanted to get a statement from appellant at the jail when he calmed down is not the equivalent of a comment on appellant's refusal to speak with police or that appellant invoked his right to remain silent. See *Maldonado v. State*, 313 Ga. App. 511, 513 (722 SE2d 123) (2012) (officer's statements that he wanted to talk to defendant is not the equivalent of a statement that defendant had declined to speak with officer or had invoked his right to remain silent). Defense counsel himself testified at the motion for new trial hearing that he understood Ricketts' statements to mean only that police wanted to talk with appellant. Because the testimony was admissible, counsel was not deficient for failing to object, and appellant has not met his burden with respect to the first prong of the *Strickland* test.

(d) Appellant similarly cannot establish ineffective assistance based on counsel's failure to object to the admission of the jail nurse's testimony, and he has failed to demonstrate how counsel's failure to call a witness in rebuttal to this evidence would have affected the outcome of his case. See Division 2, supra; *Thomas v. State*, 282 Ga. 894, 896 (655 SE2d 599) (2008) ("Without a proffer of evidence that would have been admissible and favorable to his case, [defendant] has failed to demonstrate a reasonable probability that the testimony of these witnesses would have affected the outcome at trial.").

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 10, 2012.

*Elizabeth M. Grant*, for appellant.

---

[3] In the challenged statements, Detective Ricketts commented that "we were going to try to go to the police department. We wanted them to get a statement from [appellant]" and "[w]e advised the jail personnel that when he calmed down or made a statement that he wanted to get out of the chair and wanted to – to calm down enough for us to do booking and information and – and talk to him, that they would contact me at the P.D."

*Kenneth W. Mauldin, District Attorney, Brian V. Patterson, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Elizabeth A. Harris, Assistant Attorney General,* for appellee.