301 Ga. 617
FINAL COPY

S17A0388. BRYANT v. THE STATE.

BOGGS, Justice.

Appellant Avery L. Bryant was tried before a jury and found guilty of malice murder, felony murder, aggravated assault with a deadly weapon, possession of a firearm during the commission of a felony, and possession of a pistol by a person under the age of 18.[1] He now appeals, asserting that the trial court committed plain error in its jury instructions and that he received ineffective assistance of trial counsel. We agree that counsel was ineffective and therefore reverse.

1. Viewed in the light most favorable to the verdict, the evidence showed

---

[1] The crimes occurred in July 2008. On September 30, 2008, a Fulton County grand jury indicted Bryant on charges of malice murder, felony murder, aggravated assault with a deadly weapon, possession of a firearm during the commission of a felony, and possession of a pistol by a person under the age of 18. Following a March 2010 jury trial, Bryant was found guilty on all charges. He was sentenced to life in prison plus five years; the trial court merged the aggravated assault charge with the malice murder charge, and the felony murder count was vacated by operation of law. See Malcolm v. State, 263 Ga. 369, 372-373 (5) (434 SE2d 479) (1993). Bryant's motion for new trial was filed on April 29, 2010, and amended by new counsel on April 27, 2015, and on July 13, 2015, and denied on November 20, 2015. His notice of appeal was filed on December 10, 2015. This case was docketed in this Court for the term beginning December 2016 and orally argued on February 13, 2017.

that Bryant, who was then 17 years old, his brother, X. M., and three other teenagers, D. B., D. J., and D. T., all of whom testified at trial, had been playing basketball at a recreation center in East Point when they all left, walked down the street, and sat on a brick wall. The victim, Newton Gordon, drove up and asked the teens for directions. D. J. went up to the car and told the victim, "I don't know how to get there." Bryant then walked up to the car and "just start[ed] shooting" at the victim. The victim's car lunged forward, hit a telephone pole, and caught on fire.

The five teens ran in different directions. When the group came together again moments later in the neighborhood nearby, D. B. asked Bryant, "why you do it?," to which Bryant responded that "he had his first body." The teens then walked to D. J.'s home. D. J. told his mother what had happened as police arrived on the scene, and she sent D. J. with a detective to give a statement. Before police arrived, Bryant changed his shirt, and his uncle drove him, his brother X. M., and D. T. to Bryant's home in Marietta. Officers arrived at Bryant's home the next morning and arrested the three teens, but the charges against X. M. and D. T. were later dismissed.

The victim died from a gunshot wound to the chest. Officers found .40

caliber shell casings and a .40 caliber bullet at the scene. The murder weapon was never found, but officers found an empty box for .40 caliber ammunition under Bryant's bed in a search of his home.

The evidence presented at trial and summarized above was sufficient to enable a jury to find Bryant guilty beyond a reasonable doubt of the crimes for which he was convicted. Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Bryant argues that his trial counsel was ineffective.

> To prevail on a claim of ineffective assistance of counsel under Strickland v. Washington, 466 U. S. 668 (104 SC[t] 2052, 80 LE2d 674) (1984), an appellant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense.

(Citation and punctuation omitted.) Dunn v. State, 291 Ga. 551, 553 (4) (732 SE2d 524) (2012).

Bryant asserts that trial counsel was ineffective for failing to move to suppress the fruits of the search warrant on particularity grounds.[2] We agree.

---

[2] Although Bryant concedes that trial counsel failed to properly raise this issue, he nevertheless enumerates that the particularity error was not harmless beyond a reasonable doubt. Bryant raises this enumeration based on the State's apparent concession at the hearing on the motion for new trial that the error *was* preserved. But even if counsel had properly preserved the particularity error in the motion to suppress, counsel's statement at trial that

> Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice.

Kimmelman v. Morrison, 477 U. S. 365, 375 (II) (A) (106 SCt 2574, 91 LE2d 305) (1986).

Officers obtained a search warrant for Bryant's residence and searched the entire home. There they found a .38 caliber bullet, a knife, some scales, several gloves, a BB pellet, and a pair of sneakers. In a drawer under Bryant's bed, officers found an empty box for .40 caliber ammunition. Bryant moved to suppress these items, and following a hearing, the trial court found that there was a "basis to obtain the search warrant," but that "the search exceeded the scope of what would be within the terms of the warrant, whether in writing or orally." The court suppressed all of the above-listed items with the exception of the empty .40 caliber ammunition box, which was admitted at trial, and the

---

she had "no objection" to the admission of the evidence sought to be suppressed constitutes waiver. See Swanson v. State, 282 Ga. 39, 41 (2) (644 SE2d 845) (2007) (upon counsel's statement of "no objection" to admission of evidence at trial, any objections to the admission are waived, including those raised in motion to suppress); Monroe v. State, 272 Ga. 201, 204 (6) (528 SE2d 504) (2000) (same).

4

sneakers.

Bryant argues that the search warrant is invalid on its face because it fails to state with particularity the items to be seized. We agree. The Fourth Amendment requires that a warrant particularly describe the place to be searched and the persons or things to be seized. U. S. Const. amend. IV. "A warrant that fails to conform to the particularity requirement of the Fourth Amendment is unconstitutional." (Citations and punctuation omitted.) Groh v. Ramirez, 540 U. S. 551, 557 (II) (124 SCt 1284, 157 LE2d 1068) (2004). Here, the search warrant did not provide a list of items to be seized. Rather, the box provided for listing those items contained only a detailed description of Bryant's home and the vehicles on the property.[3] The warrant provided no other information to

---

[3] In the box for the "premises . . . more particularly described as," both the affidavit and search warrant described the premises as "1440 PAIR ROAD, MARIETTA, GA, 30008 Ranch style cream colored house, with a cream colored door with two panels and two small windows on top of the door. The house has a basement with dark colored shutters." In the box for "The information of person to be searched," both documents listed "Avery Leon Bryant" and provided a physical description of Bryant. "Homicide-Murder" was listed in the box on the search warrant for "There is probable cause to believe that the following crime(s) (is being/has been/have been) committed." However, on the both the affidavit and search warrant, the box for "The list of certain property, items, articles, instruments to be searched for and seized are located in COBB County, Georgia and are specifically described as follows," contained only the following further description of the property already described under "premises":

> One cream-colored, ranch style home, with a basement, a front door having 2 panels with two small windows on the top of the front door, and house having

identify the particular items "to be searched for and seized" by law enforcement.

Arguably conceding the obvious and apparent deficiency in the warrant, the State contends that the affiant detective's testimony by cell phone video to the magistrate at the time the affidavit was presented, identifying what she expected to seize, provided additional particularity. However, "the contents of the search warrant itself, not the contents of the supporting documents, are scrutinized under the Fourth Amendment's particularity requirement." United States v. Pratt, 438 F3d 1264, 1269-1270 (III) (A) (1) (11th Cir. 2006). The search warrant did not incorporate the affidavit or the oral testimony by reference —   in fact, the box marked "oral testimony, given under oath, received and recorded" on the affidavit and application was not checked —   and there was no evidence that a copy of the video testimony or even a transcript of the testimony was left at Bryant's home. See Groh, supra, 540 U. S. at 555 (I). The return of the search warrant and inventory provided that only a copy of the warrant and a receipt of the items seized were left at the residence.

---

dark colored shutters, a closed in garage containing a 1991 gray Nissan pick-up truck bearing Georgia tag # AVR5429 (VIN# 1N6SD16S5MC347613). The house currently has a 1995 Red, Honda Civic in the driveway bearing Georgia tag number AZM8676 with a VIN# of 2HGEJ2225SH574123.

Just as in <u>Groh</u>, the warrant here "did not simply omit a few items from a list of many to be seized, or misdescribe a few of several items . . . . [T]he warrant did not describe the items to be seized *at all*." (Emphasis in original.) <u>Groh</u>, supra, 540 U. S. at 558 (II). It was therefore so "obviously deficient" that "we must regard the search as 'warrantless' within the meaning of our case law." Id. Because the executing officers did not have a warrant particularly describing the items they intended to seize, the search was presumptively unreasonable and unconstitutional under the Fourth Amendment. Id. at 559 (II).[4]

Having decided that a clear Fourth Amendment violation occurred and that counsel was deficient in failing to pursue this ground on motion to suppress, we now consider whether Bryant has shown a reasonable probability that the outcome of the trial would have been different had the empty ammunition box been excluded. <u>Kimmelman</u>, supra, 477 U. S. at 375 (II) (A). The evidence presented at trial consisted of the testimony of three teens, D. T., D. B., and D. J., all of whom were friends of Bryant and were present with him both before and after the shooting. D. T. had an unrelated pending armed robbery charge at

---

[4] The State does not claim that the search may have been proper under some exception to the warrant requirement.

the time of trial, and a detective testified that in his interview, D. T. gave conflicting stories stating that he was not present during the shooting, that he did not know who had committed the shooting, and then at another point during the interview that D. B. was the shooter, but ultimately named Bryant as the shooter. When asked about these statements at trial, D. T. admitted he was equivocal about his whereabouts, but denied implicating D. B. The detective testified further that he recalled hearing that on July 4, the day before the murder, "[the teens] were shooting the gun," and specifically that X. M. shot the gun that day. But D. B. denied making any such statement to police, and D. J. stated the he did not see the gun before the shooting.

The only physical evidence connecting Bryant to the crime was the empty box of ammunition of the same caliber as the gun used to shoot the victim. Although the State on appeal argues that it is highly unlikely that the empty box swayed the jury's verdict, at trial the State told the jury in closing argument that the box was "almost a smoking gun" and described the discovery of the box as a "Law & Order moment." In opening statements, the prosecutor also told the jury: "they arrest Mr. Bryant and they search the house, and they find an empty box of 40-caliber bullets. No gun but an empty box of bullets, the same caliber

8

used to kill Newton Gordon. That's the case. That's the case." In closing, the prosecutor added:

> Now, if you don't believe these [40-caliber casings] go with the gun that killed Mr. Gordon, where is the gun? Why do you have an empty box of shells for a .40 if you don't have a .40? He had a .40, so then you have to ask yourself, why do you get rid of a .40? Because it's got a body on it. Because it killed someone.

Here, the credibility of the three eyewitnesses was substantially challenged and there was evidence presented that D. B. was the shooter. The only physical evidence connecting Bryant to the crime was the empty ammunition box, and the State relied heavily on this piece of unconstitutionally obtained evidence in its argument and presentation of its case to the jury. Under these circumstances, we hold that Bryant has shown a reasonable probability that the outcome of the trial would have been different had the empty ammunition box been excluded. See Kennebrew v. State, 299 Ga. 864, 873-874 (2) (b), (c) (792 SE2d 695) (2016) (defendant established prejudice prong of Strickland where prosecutor

9

emphasized in closing argument that defendant possessed shotgun shells found in unconstitutional search, and other evidence connecting defendant to crime not overwhelming); Cobb v. State, 283 Ga. 388, 391-392 (2) (658 SE2d 750) (2008) (when eyewitness' credibility was serious issue at trial and expert testimony connecting defendant to murder weapon was improper, defendant established reasonable probability that outcome of trial would have been different had expert testimony been excluded). Accordingly, we reverse Bryant's convictions. However, because we have determined in Division 1 that the evidence was sufficient to support the convictions, double jeopardy does not bar the State from retrying him.

3. In light of the reversal in Division 2, we need not address Bryant's remaining claims of error.

Judgment reversed.  All the Justices concur.

Decided May 30, 2017 – Reconsideration denied June 30, 2017.

Murder. Fulton Superior Court. Before Judge Russell.

Andrew S. Fleischman, for appellant.

Paul L. Howard, Jr., District Attorney, Paige Reese Whitaker, Joshua D.

Morrison, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Matthew M. Youn, Assistant Attorney General, for appellee.